### Ownes *vs.* Ownes and others.

1. A declaration of trust, though not executed at the same time and place with the deed whose purposes it declares, being dated on the same day, and being the consideration of the deed, must be considered as part of the same transaction, and they must be construed together.

2. A court of equity will not enforce an executory contract when the consideration is founded on fraud, or is *malum in se*, or *malum prohibitum*. It would not create a trust in such case.

3. But where the trust is declared by a writing executed and delivered, and the estate is vested in the complainant, and the object of the suit is to compel a naked trustee to convey the property held in trust to the *cestui que trust*, it will not bar the relief sought, that the conveyance to the trustee was made for the purpose of delaying and defrauding the complainant's creditors.

4. If, instead of a declaration of trust, the instrument executed had been a mere contract to re-convey the property; or if the bill had been filed to establish a trust, either as a resulting trust or on a parol agreement; then the defence that the conveyance had been made to delay and defraud creditors would bar the relief.

5. Courts of equity have recognized and established this distinction between conveyances and executory contracts: where the title is vested, they never avoid it for want of consideration; and, on the other hand, they never enforce an executory contract without consideration—they treat it as a nullity.

6. A conveyance or declaration of trust by an infant, by a deed actually delivered, is voidable, but not void. But the infant, after coming of age, may by his acts confirm the deed.

This cause was argued on final hearing, upon pleadings and proofs.

*Mr. W. Strong,* for complainant.

*Mr. A. V. Schenck,* for defendants.

THE CHANCELLOR.

The suit is by the complainant, against the widow and heirs of her deceased son, James H. Ownes, for the conveyance of certain lands in the city of New Brunswick, held by her son in trust for her, as she alleges. These lands were conveyed by her to her son by deed dated May 21st, 1855, and by a declaration of trust, bearing date on the same day, executed by James H. Ownes, under his hand and seal, attested by a subscribing witness, were declared to be held in trust for the complainant, and on the agreement to convey the same to her or any person whom she should appoint. It concluded with these words : " It being clearly understood by me that I merely hold the said property in trust for said purpose, and that I have no property or interest therein, except as such trustee." No valuable consideration was paid to the complainant for the conveyance, except this declaration of trust. This declaration was not executed at the same time and place with the deed, but being dated on the same day, and being the consideration of the deed, the two instruments must be considered as part of the same transaction, and be construed together.

This declaration, if valid, vested the beneficial title to the lands in the complainant as *cestui que trust,* and left the bare legal estate in James as trustee, and upon his dying intestate, the legal estate vested in his·heirs or heir-at-law. The suit is against his widow and his three children—two daughters and one son, all infants—for a conveyance of the property to the complainant as the *cestui que trust.*

The defendants contend that the property was conveyed to James Ownes for the purpose of delaying and defrauding the

creditors of the complainant, and that this court will therefore grant no relief.

Assuming that it is sufficiently proved that the conveying by the complainant to her son was to delay and defraud her creditors, it does not seem to me to be a bar to the relief sought. If the instrument executed by James had been a mere contract to re-convey the property, or the bill had been filed to establish a trust, either as a resulting trust, or on a parol agreement, the defence would be a bar to the relief. A court of equity will not enforce an executory contract when the consideration is founded on fraud, or is *malum in se*, or *malum prohibitum*. It would not create a trust in such case. But here the trust is declared by a writing executed and delivered. The estate is vested in the complainant, and the object of the suit is to compel a naked trustee to convey the property held in trust to the *cestui que trust*—to perform an existing trust.

Courts of equity, in the analagous cases of contracts and conveyances without consideration, have recognized and established this distinction between conveyances and executory contracts: Where the title is vested, they never avoid it for want of consideration. And, on the other hand, they never enforce an executory contract without consideration; they treat it as a nullity. In *Bunn* v. *Winthrop*, 1 *Johns. Ch.* 329, this distinction is clearly laid down by Chancellor Kent. It was also recognized and acted upon by the Court of Appeals in *Wright* v. *Miller*, 4 *Seld.* 9.

The maxim, *in pari delicto, potior est conditio possidentis,* protects the title actually vested in the complainant. If the legal estate had been re-conveyed to the complainant, the title could not have been affected by the fraud of the transaction from which the conveyance arose. And the rule must be the same when the equitable estate has been actually vested by a proper conveyance. I know of no case in which a court of equity have refused to enforce a trust actually declared and vested, on account of fraud in the conveyance to the trustee who declared the trust.

But James, at the time of this conveyance and declaration of trust, was an infant, only nineteen years of age. The conveyance or declaration of trust by an infant, by a deed actually delivered, is voidable, but not void. This was so held by Lord Mansfield, in *Zouch* v. *Parsons*, 3 *Burr*. 1794. He held a deed of bargain and sale delivered by the infant voidable, and not void. The doctrine of Lord Mansfield has been doubted by many jurists, and there have been decisions contrary to it; but the modern cases confirm his opinion, and it may now be considered as the settled law. *Bool* v. *Mix*, 17 *Wend.* 119; *Eagle Fire Company* v. *Lent*, 6 *Paige* 635; *Tucker* v. *Moreland*, 10 *Pet.* 71; *Gillett* v. *Stanley*, 1 *Hill* (*N. Y.*) 121; 2 *Kent's Com.* 234; *Tyler on Infancy* 42, 51.

An infant, after coming of age, may, by his acts, confirm a voidable deed. Many acts of James, after his majority, recognizing the fact that he held this property in trust for his mother, are shown. He took her directions about fencing and repairing it. He collected the rents, and paid them to her. He mortgaged the property for her benefit, and acknowledged, repeatedly, that he held it in trust for her. I think the evidence is amply sufficient to show that he confirmed this deed by his acts for years after he came of age. If the deed and declarations of trust are to be treated as one transaction, collecting rent, or executing a mortgage, or any act treating the property as his own, would be a confirmation.

The trust being thus established, the complainant is entitled to a decree that the defendants, the widow and children of James, convey to her the legal estate. She is also entitled to an account from the defendants, John Runyon and Elizabeth Ownes, the administrators of James H. Ownes, deceased, of the rents received by him in his lifetime, and from them individually of the rents received by either of them since his death; and to a decree that the administrators pay on the mortgage given to Richard Manley the sum of $300 and the interest in arrear thereon. The complainant, on receiving the conveyance, to pay all moneys paid by James or the defendants for principal or interest on the residue of said mort-

gage, and to relieve the defendant administrators, and the estate, from all further liability on the bond and mortgage to Richard Manley.