## ISAAC J. VANDERBECK

### *v.*

### GEORGE C. PERRY and others.

1. The purchaser of an estate by the curtesy at sheriff's sale, under execution against a surviving husband, may file a bill to correct a mistake in the description of the premises.

2. Where the premises had been conveyed by J. (the tenant by the curtesy) and his wife to B., and reconveyed by B. and his wife to J.'s wife, *Held*, that B. and his wife were necessary parties to a bill for reforming the deed.

Bill for relief.   On general demurrers of all the defendants, and motion to dissolve the injunction.

*Mr. S. B. Ransom* and *Mr. J. B. Vredenburgh*, for the demurrants.

*Mr. Flavel McGee*, for complainant.

THE CHANCELLOR.

The complainant, by his bill, seeks protection for his title to and possession of certain land in Jersey City, in which he claims to have an estate for the life of Lorenzo Jones. That estate was, he alleges, bought by him at sheriff's sale, under an execution issued on a judgment recovered against Jones by the complainant and his partner in business.   After the purchase and delivery of the sheriff's deed to the complainant, Jones delivered to him possession of the property,

Vanderbeck *v.* Perry.

on which there is, and was, a dwelling-house built by Jones, and he has remained in possession ever since.

The defendants are George C. Perry, Percival P. Perry, and Sarah S. Brinkerhoff, (the sons and daughter and heirs-at-law of Mrs. Margaret Perry, deceased,) and Cornelius Brinkerhoff, the husband of the daughter, and Lorenzo Jones and Mary Ella Jones, his daughter. Mrs. Perry was the widow of George C. Perry, from whom Jones bought the property, then unimproved, in 1860. If Perry was, at his death, entitled to the property, it passed under his will to his widow. She died, leaving a will by which, if she died seized of it, the property passed to her heirs-at-law. The bill states that, in 1859, the property, which was designated on a map known as the "map of the property of D. B. Wakeman and others, Monticello avenue, Bergen Heights," as lots 35 and 37; and being then vacant was conveyed to George C. Perry, by Edgar B. Wakeman; that Perry held the property until 1860, when he, with his wife, conveyed it to Jones, but by misdescription, through mistake, it was designated in the deed as lots 39 and 41, neither of which lots Perry ever owned; and that Jones took possession and built a dwelling-house on the property.

In 1861, Jones and his wife, in order to transfer the title in fee to the latter, conveyed the property, by the same mis-description, to one Edwin R. Bisbee, who, in 1862, with his wife, conveyed it, by the same erroneous description, to Mrs. Jones. Mrs. Jones died, leaving one child, the offspring of her marriage with Mr. Jones. He therefore, it is alleged, had curtesy in the property. Under the judgment before mentioned the complainant bought the premises at sheriff's sale in May, 1866, and, as before stated, Jones then gave him possession, which he has ever since retained. The bill states that the sheriff in his levy designated the property, by mistake, as lots 39 and 41. Recently, and since the death of Mrs. Perry, the complainant having discovered the mistake in the deed from Perry and his wife to Jones, applied to the defendants, George C. Perry, Percival P. Perry, and Mrs.

Brinkerhoff and her husband, for a release of lots 35 and 37. Neither they nor Perry or his wife ever claimed any right or title to the land since the conveyance to Lorenzo Jones.

The persons so applied to refused to give the release, but brought an action of ejectment against the complainant and his partner and the complainant's tenant, to recover the property. To restrain the plaintiffs in that action from proceeding thereon, this suit was brought. On filing the bill an injunction was issued accordingly. All the defendants have demurred by general demurrer. They also move to dissolve the injunction. The power of the court to reform deeds, on the ground of mistake, is undoubted. The right of the complainant in this case to that relief is questioned.

The defendants insist that he has no title to the premises. The heirs-at-law of Mrs. Perry insist that Mrs. Jones was never seized of the property, and that, therefore, her husband had no curtesy therein. They and the other defendants contend that it appears by the bill that the levy was on lots Nos. 39 and 41, and not on lots 35 and 37, and that the latter were not advertised for sale by the sheriff, and were not, in fact, sold to the complainant, so that he has no legal or equitable interest in the premises, and therefore is not entitled to relief.

The complainant, by his bill, prays that the mistake in the deeds may be corrected; that his title to the life estate in the premises in question may be established, and that the Perrys and Brinkerhoffs may be restrained from prosecuting the ejectment. He also prays for relief generally. Has he such an interest in the premises as entitles him to demand the reformation of the deed?

The bill states that the premises intended to be conveyed by Perry and his wife to Jones, were lots Nos. 35 and 37, and that it was intended to convey the same premises by the deeds from Jones and his wife to Bisbee, and the deed from the latter and his wife to Mrs. Jones; that under and by virtue of the execution issued upon the judgment recovered

by the complainant and his partner against Jones, the sheriff
levied upon and sold the very property intended to be con-
veyed by those deeds, and known as lots Nos. 35 and 37, and
which were then in the possession of Jones, and that the
sheriff, by mistake in his levy, designated the property as
lots Nos. 39 and 41. The levy is not set out in the bill. It
is enough, in considering the demurrers, to say that the bill
avers that the sheriff levied on and advertised and sold the
identical property intended to be conveyed by Perry to
Jones. If this be true, and it must be taken to be so on
demurrer, the complainant has a claim to relief.

The demurrer will be overruled, with costs. Bisbee and
his wife have not been made parties. They are necessary
parties. The complainant will be allowed to amend his bill
in that respect, on the usual terms. The injunction will be
retained until the hearing.