Mulock *v.* Mulock.

WILLIAM G. MULOCK, appellant,

*v.*

MARIA MULOCK, respondent.

The respondent filed her bill in the court of chancery to set aside three deeds, on the ground that the execution of them was procured by fraud. Relief as to one of the deeds denied, because she failed to establish the allegation of fraud as set forth.

Mulock *v.* Mulock.

On appeal from a decree of the vice-chancellor, reported in *Mulock* v. *Mulock, 4 Stew. 594.*

*Mr. John Whitehead,* and *Mr. D. R. Garriss* of New York, for appellant.

This is an appeal, by the defendant in this case, from the final decree entered therein in the court of chancery on the 9th day of September, 1879, in favor of the complainant, granting the prayer of the bill. The bill was filed by the complainant, who is the mother of defendant, against the defendant, under oath, to have three deeds which had been executed and delivered by complainant to defendant, decreed to be void &c., &c.

I. The bill should be dismissed and the decree vacated. The material allegations are too indefinite and uncertain to be the basis of relief; the bill should have a reasonable certainty. *1 Hoff. Ch. Pr. 53; 1 Barb. Ch. Pr. 38, 40.* Everything intended to be proved must be stated on the face of it; otherwise evidence cannot be admitted to prove it. *1 Barb. Ch. Pr. 40; Gordon* v. *Gordon, 3 Swans. 472; Hall* v. *Maltby, 6 Price 240; 18 Ves. 302; 6 Sim. 565.* It must contain every important allegation for the relief sought. Relief cannot be granted beyond the case stated in the bill. *1 Barb. Ch. Pr. 40; Mitf. Eq. Pl. 133.* The bill, being under oath, every material allegation therein must be strictly true. *1 Barb. Ch. Pr. 38; Story's Eq. Pl. 206; Mitf. Eq. Pl. 41; Cooper's Eq. Pl. 5.*

II. The evidence for complainant as to alleged contemporaneous frauds should be stricken from the case as having no bearing thereon. *Bigelow on Fraud 478, ch. 17, § 5; Knight* v. *Heath, 23 N. H. 410.*

III. The transaction must stand good, unless some direct fraud has been practiced upon the complainant by the defendant in one of the following ways:

(1) Misrepresentation, or

(2) A suppression of facts, or

(3) That complainant was of unsound mind when the deeds were made. *Story's Eq. Jur. ch. 6 and note to § 310.*

(4) Fraud is never to be presumed; it must be clearly proved as set out in the bill; if not, no relief granted. The presumption of law is always against bad faith and in favor of innocence. *Stewart* v. *English, 6 Ind. 176 ; Flint* v. *Jones, 5 Wis. 424 ; Turner* v. *Lambeth, 2 Tex. 365 ; Hubbard* v. *Turner, 2 McLean 519 ; Gould* v. *Gould, 3 Story C. C. 576 ; Hildreth* v. *Sands, 2 Johns. Ch. 35, 1 Story Eq. Jur. § 200 ; Atwood* v. *Smail, 6 Cl. & Fin. 232 ; Kerr on Fraud 382 et seq. ; Bigelow on Frauds 500, ch. 17, § 14 ; Greenleaf Evid. § 80.* It must be clearly established. *Hildreth* v. *Sands, 2 Johns. Ch. 35 ; Laidlaw* v. *Gilmore, 47 How. Pr. 67, 56 N. Y. 621.* Circumstances must be sufficient to overcome the natural presumption of honesty and fair dealing. Courts of equity will not find fraud upon any less proof than what a jury will require. *Story's Eq. Jur. § 190 (a).* When the circumstances adduced to show fraud admit of a natural and probable explanation consistent with the innocence and good faith of the party charged with fraud, the presumption is in favor of innocence. *Garrow* v. *Davis, 10 N. Y. Legal Obs. 225.*

(1) There is no evidence to sustain this charge of fraud. It must be distinctly proved. *Kerr on Fraud and Mis. 382 &c.*

(2) There is no proof of undue influence used on the part of defendant.

(3) The testimony of complainant, that she did not examine the deeds, or read them, or have them read &c., will not avail her. She had the opportunity to do so. A deed will not be avoided on the ground of fraud or mistake because the whole was not read by the grantor. *Jackson* v. *Croy, 12 Johns. 427.* If the grantor can read, he will be presumed to have read the writing. *Suffern* v. *Butler, 4 C. E. Gr. 202.* A party executing a legal instrument is presumed to be acquainted with its contents. *Greenfield's Estate, 14 Pa. St.*

Mulock *v.* Mulock.

*489; 5 Bos. & Pul. 415.* If a party who can read, will not read a deed put before him for execution, or, if unable to read, will not demand to have it read or explained to him, he is guilty of negligence which is not the subject of protection either in law or equity. *Greenfield's Estate, 14 Pa. St. 496.* He will be bound by it, though it turn out to be contrary to his mind. *Hallenbeck* v. *De Witt, 2 Johns. 404; Touch. 56; Ring* v. *Longuor, 1 Nev. & Man. 576.* Even though there be proof that the grantor in a deed was very ignorant and illiterate, and could not read writing, and that the deed was not read to him, it is not sufficient evidence of fraud unless he requested it to be read to him. *Ib.; Jackson* v. *Croy, 12 Johns. 427.* Nor will a party be relieved merely because he put an unguarded confidence in another. *14 Pa. St. 497; Longley* v. *Broxan, 2 Atk. 202.* In an anonymous case, in *Skin. 159,* it is held that where one who could read, made an agreement for a lease for twenty-one years, and the lessor drew a lease for one year but read it for twenty-one years, equity refused to relieve the lessee because he could read and would not. When each party has the same information and equal opportunity to ascertain the truth, it cannot be said that one willfully withholds anything from and thereby deceives the other. *Hobbs* v. *Parker, 31 Me. 143.* It is not necessary for defendant to prove that the deed was read to the parties unless it was required by her. *2 Johns. 404; 5 Bos. & Pul. 415; 1 Nev. & Man. 576.* Fraud is not to be presumed from vague and slight conjectures or supplied by notions of fancied equity. *Bigelow on Fraud 202.* If the fraud is not strictly and clearly proved, as it is alleged, relief cannot be had, although the party against whom relief is sought may not have been perfectly clear in his dealings. *Kerr on Fraud and Mis. 382, and note.* If a case of actual fraud is alleged in the bill, relief cannot be had on the bill by proving only a case of constructive fraud. *Id. 383, and note.* If the relief sought by a bill in equity be based on fraud, the failure to prove fraud is fatal. *Id. 500.*

4. Complainant is an educated, shrewd, business woman; familiar with law matters, the rights of parties, the modes of executing papers, deeds &c.

V. The attempt to sustain the case by proof of contemporaneous frauds, even if legal evidence, has failed.

VI. All the alleged contemporaneous frauds are fully disproved on the part of defendant.

1. There was no change of possession of property until September, 1875, defendant being a member of complainant's family until that time, supplied by her with such funds as he required, there being an understanding, outside of the deeds, for no definite time, that rents collected from the property should go, first, to the repairs of the property; second, to give the defendant all his personal expenses, and, if any left, complainant to have the surplus.

2. The defendant was unlimited as to the time he should take possession under these deeds.    *Ryder* v. *Hulse, 24 N. Y. 372.*

3. The policies of insurance on the property being in the name of the complainant, do not affect the title of defendant.    *Cromwell* v. *The Brooklyn Fire Insurance Co., 44 N. Y. 42.*

VII. All the deeds were regularly executed, acknowledged and delivered, and must be considered valid until the contrary is proved. (See deeds.)    A conveyance which purports to be *bona fide* and for a valuable consideration, will be taken to be so, until the contrary is shown.    *Briggs* v. *French, 2 Sumner 251.*    It is to be presumed that a grantor knew the contents of the deed he executed, until evidence to the contrary is offered.    *Kimball* v. *Eaton, 8 N. H. 391.*    The court will not presume facts against such a deed, and he who seeks to invalidate the same must impeach it by affirmative proof.    *Barr* v. *Galloway, 1 McLean 476.*    A deed is good between the parties without any attesting witness or acknowledgment.    *Wood* v. *Chapin, 13 N. Y. 509.*    At common law it was good against all the world.    *Willard on Real Estate 386.*

Mulock *v.* Mulock.

1. Complainant testifies that the signatures to the deeds are correct, and that she acknowledged them before the notary. There was no necessity for defendant to produce the notary. When public officers are authorized by law to certify to certain facts, their certificates to those facts are competent evidence thereof. *Levy* v. *Burley, 2 Sumner 355.* Acts which purport to have been done by public officers in their official capacity, within the scope of their duty, are presumed to be regular. *Ross* v. *Reed, 1 Wheat. 482 ; United States* v. *Amenda, 6 Pet. 691 ; Strothen* v. *Lucas, 12 Id. 410 ; Phila. & Trenton R. R. Co.* v. *Stimpson, 14 Id. 448 ; Dellassen* v. *United States, 9 Id. 117 ; Wilks* v. *Dinsman, 7 How. 89 ; Minier* v. *Cromelin, 18 How. 87 ; Russell* v. *Beebe, Hempst. 704 ; Den* v. *Hill, 1 McAll. 480 ; Dunlap* v. *Monroe, 1 Cranch 536 ; Ruggles* v. *Bucknor, 1 Paine 358.* The official character of a person taking a deposition will be presumed. *Jasper* v. *Porter, 2 McLean 579.* A document under the signature and official seal of a person purporting to be a notary public, may be read in evidence without preliminary proof of his authority. Notarial seals need not be proved, but must be judicially noticed. *1 Greenleaf Evid.* §§ *5, 12, Mad. 345 ; 2 Esp. 700 ; 5 Cranch 335 ; Serg. & R. 484 ; 3 Wend. 173 ; Bayl. on B. 515 ; United States* v. *Libby, 1 Woodb. & M. 221 ; Suffern* v. *Butler, 4 C. E. Gr. 202 ; Ayer* v. *Little, 5 C. E. Gr. 443, 450.*

2. The deeds were duly delivered. *Cannon* v. *Cannon, 11 C. E. Gr. 319,* and other authorities.

VIII. The fact that the deeds are voluntary acts from the complainant to the defendant, does not impair their validity. *Story's Eq. Jur.* § *371 &c.* Even though the grantor retain the deed in his possession. *Sowerbye* v. *Arden, 1 Johns. Ch. 240 ; Besson* v. *Winthrop, Id. 329.* The transfer as a gift is good (*Van Deusen* v. *Rowley, 8 N. Y. 588*), even if given by a weak woman or through indiscretion. *Story's Eq. Jur.* §§ *235, 236 ; 2 Johns. 177 ; 13 Id. 430 ; 5 Cow. 506 ; 8 Id. 290 ; Delden* v. *Davids, 2 Harr. 433.* A deed of gift must

stand good unless some direct fraud is practiced upon the grantor. *Hunter* v. *Atkins, 3 Myl. & K. 134.*

IX. The deeds, being from a parent to a child, may be considered as an advancement. *Sanford* v. *Sanford, 61 Barb. 293, 5 Lans. 486 ; Woolery* v. *Woolery, 29 Ind. 249 ; Park* v. *Park, 19 Md. 323 ; Bay* v. *Cook, 31 Ill. 336 ; 4 Kent 445 ; 15 Wend. 545 ; McLean* v. *Button, 19 Barb. 450.* Affection and one dollar are a sufficient consideration. *Morris* v. *Ward, 36 N. Y. 587.* Blood or natural affection among near relations is sufficient. *2 Bla. Com. 444; Plowden 305 ; Frisk* v. *Cox, 18 Johns. 149 ; Duvall* v. *Wilson, 9 Barb. 487.*

X. The court will not view a deed from a parent to a child with the same strictures as between strangers. *Hoghton* v. *Hoghton, 15 Beav. 283 ; Cory* v. *Cory, 1 Ves. 19 ; Tweddell* v. *Tweddell, Turn. & R. 13 ; Kinchant* v. *Kinchant, 1 Bro. C. C. 369 ; Prodgers* v. *Langham, 1 Sid. 133 ; Brown* v. *Carter, 5 Ves. 862.* In the case of a gift from a parent to a child, undue influence is never inferred; no suspicion whatever attaches to the same. *Bigelow on Fraud 261, 264 ; Millican* v. *Millican, 24 Tex. 446 ; Langley* v. *Jackson, 16 Tex. 579, 584 ; Kerr on Fraud and Mis. 189 ; Kimball* v. *Eaton, 8 N. H. 391.*

XI. The deeds in this case are not strictly voluntary, but were made in the performance of a trust.

XII. There is a difference between deeds of advancement and a will.

1. A deed of advancement is absolute, takes effect from its date and cannot be recalled, and, after made by the grantor in person, is complete, and takes effect when made, without any further action.

2. A will takes effect in the future upon the estate on the decease of the testator ; it may be changed or cancelled by the testator in his life-time, and has to be probated under the statute, and is carried into effect by other parties than the testator.

3. The difference is, that the deed takes effect *in presenti,* and a will *in futuro.* *Greenfield's Estate, 14 Pa. St. 489,* and other authorities.

4. There is no statute of this state invalidating such deeds.

XIII. There is no allegation in the bill that anything intended or required by the agreement between the parties to be in the deeds, is left out. If anything of that kind is relied upon, it should have been alleged in the bill. *McLean* v. *Given, 7 Ired. 55.*

There is no evidence of anything having been left out of the deeds that was intended to have been incorporated in them. When solemn instruments are executed between the parties, all previous conversations on the subject are merged in the final agreement. *Mellican* v. *Mellican, 24 Tex. 426; Rowley* v. *Rowley, Kay 251.*

All that took place between the parties about the rents, was outside of the deeds.

This is not an action for the rents or to try the right thereto. There is no claim in this case for the rents.

XIV. Defendant was not the attorney, in law or in fact, nor was he solicitor or counsel, or confidential adviser, or agent, of the complainant. He was her son and a member of her family, and acted without special remuneration. A son employed in his mother's business does not act in a judicial capacity, so as to prevent his purchasing from his father. *Davis* v. *Culver, 13 How. Pr. 62; Harris* v. *Tremenheere, 15 Ves. 32.* The influence which a child may exert over a parent by acts of filial duty &c., is not undue influence. *Bigelow on Fraud 264.* Nor is that which flows from natural confidence and affection. *Millican* v. *Millican, 24 Tex. 426; 1 Story's Eq. Jur. §§ 315, 316 (a); Harris* v. *Tremenheere, 15 Ves. 32.*

XV. The evidence on the part of the defendant overcomes that of the complainant, and shows the *bona fides* of the deeds.

Mulock v. Mulock.

XVI. This property is undeniably defendant's. The equitable title to it is certainly in him. The complainant objecting to only a part of the deed, the court has jurisdiction to reform the deed by striking out such part as it may deem objectionable. *Turner* v. *Collins, L. R. (7 Ch. App.) 329, 342; Greenfield Estate, 14 Pa. St. 489, 508; Fremless* v. *Dettlon, 1 Bligh (N. S.) 427; Judge* v. *Houston, 12 Ired. 108.* If it is wrongfully in the deed, yet the deed is good for 587 Broad street. *Towle* v. *Smith, 2 Robt. 489; Story's Eq. Jur. § 437.*

XVII. The complainant, though advanced in years, is, in no sense, infirm in body or mind, but has a most decided will of her own. In *Lewis* v. *Pead, 1 Ves. Jun. 19*, it is held that old age is not sufficient to presume imposition, or that the party did not consult her attorney. Buller, J. says : We have seen the greatest abilities displayed at a greater age than seventy-five. *Davis* v. *Culver, 13 How. Pr. 62*; see, also, the case of *Blackford* v. *Christian, 1 Knapp 77; 1 Story Eq. Jur. §§ 236, 237*, where the principle is laid down that the law will not assist a man who is capable of taking care of his own interest, except in cases where he has been imposed upon by deceit, against which ordinary prudence could not protect him.

XVIII. It is not sufficient, to obtain relief in equity, that complainant establish a suspicion of bad faith. The complainant must establish it beyond a reasonable doubt. *Gould* v. *Gould, 3 Story C. C. 516.*

XIX. Complainant cannot, in general, fall back upon any secondary equity, and is never allowed to do so unless such secondary equity is distinctly set out in the bill and relied upon as an alternative. The bill must contain all of complainant's case. *McLean* v. *Gwin, 7 Ired. Eq. 55; Whelan* v. *Whelan, 3 Cow. 557, 560; Gouverneer* v. *Elmendorf, 5 Johns. Ch. 823; James* v. *McKernan, 6 Id. 559.*

XX. A decree made in a cause in the court of chancery must conform to the bill and be warranted by it, both as to

the relief and as to the grounds of relief. Relief asked for cannot be granted on ground not disclosed by the bill. *Adams* v. *Ryerson, 2 Hal. Ch. 618; Ely* v. *Perrine, 1 Gr. Ch. 396; Stover* v. *Wood, 11 C. E. Gr. 56.*

XXI. The complainant has two sets of children, and, having determined not to make a will, and the property in dispute having all come from her reputed husband, William Mulock, it was simply just that she should give the bulk of the property to her Mulock children, and carry out the wishes of her reputed husband in giving more to the defendant than to the others.

XXII. Defendant had no motive to defraud; he was supplied with all he needed, and knew the bulk of the property was to be his. His was a life of ease, not of gain.

XXIII. The complainant having, as she supposes, fulfilled the letter of her promises to her late reputed husband, Mulock, to give defendant more than the others, is now attempting to get the property back at all hazards, right or wrong.

*Mr Joseph Coult* and *Mr. T. N. McCarter*, for respondent.

The bill in this cause is filed by Mrs. Mulock, a widow, over eighty years of age, asking this court to set aside certain conveyances made by her to her son William G. Mulock, as it appears by the deeds themselves, in October, 1871, and April, 1872, by which he took title to property in the city of Newark of the aggregate value of over $150,000. It is alleged by her that her son William, who is now in the prime of life—being over thirty-six years of age—had, at the time of the said conveyance, acted as her agent in collecting rents from her real estate and superintending her affairs generally, attending to the payment of bills, the sale of property, the preparation of papers to be executed by her, and, in fact, taking the general management and control of her business. While occupying this relation towards his mother, in October, 1871, and April,

1872, these deeds were executed by her. It is alleged, on her part, that these conveyances were obtained through fraud, and that she never executed them with the intention so to do, but that her son, taking advantage of his relation toward her, and having the opportunity afforded him by this relation, and by the management of her affairs, shielded by the trust and confidence which she reposed in him, obtained these conveyances from her, without consideration, and without any knowledge on her part of the nature of the instruments which she executed. And she asks this court to set aside these conveyances, and that he account to her for the rents, issues and profits of the property so conveyed to him, which have been received by him, and for the moneys received and not paid to her, or for her use.

His answer admits the relation between the parties, and the fact that his mother imposed implicit confidence in him, but claims that the conveyances were made to him by his mother for the purpose of transferring the title to the property to him, and that this was done with a full knowledge on her part of the contents of the instruments signed by her, and that the transaction was *bona fide*, honest and straightforward on his part, and such as a court of equity should maintain and uphold.

The rule in regard to gifts, donations and settlements of this character is clearly expressed in the notes to the leading case of *Huegenin* v. *Baseley*, *2 White & Tudor Lead. Cas. in Eq., part 2 p. 1195.* It should appear—

(1) That the donor understood what he was doing.

(2) That the act proceeded from his own mind, or, if the suggestion came from without, that it was deliberately adopted by him.

(3) That if, in carrying out his purpose, he reposed a confidence in another, or relied on him for guidance, that the latter did all which the acceptance of such a trust implies, viz., giving the advice and information which, if duly weighed, might operate to prevent the execution of the act. (See the cases there cited.)

Mulock v. Mulock.

The relation of *principal* and *agent* once established, makes it impossible for the agent to obtain a personal benefit from the subject of his agency while that relation of confidence exists. Such a transaction can only be supported where it is shown that the agent did all that he could to enlighten his principal; that the consideration is adequate and full, and that no unfair advantage is taken. *Id. 1227.*

The relation of *parent* and *child* raises the same condition. When the child is young and of tender years, the parent will not be allowed to take advantage of his position; he cannot impose on its immature judgment, or take the benefit of its ill-considered contracts. As life draws to a close, the relation which existed at an earlier period is reversed; the parent comes under the sway of his children, and if he is influenced by them, and if they procure or even suffer him to make a contract, or execute a deed which operates disadvantageously to him, or by which they are unduly benefited, a court of equity will avoid the instrument without proof of breach of confidence, or of an undue influence, other than that afforded by the nature of the transaction. *Id. 1206.*

A *voluntary deed* will not be sustained unless it appears that the grantor knew and understood what he was doing, and unless the deed fully expresses the nature of the arrangement which the settlor wished to make. It is not enough that it be read by him or to him; it must be shown affirmatively that he fully understood it in all its consequences, and was fully advised; and where the gift is *irrevocable*, it must be shown that it was his distinct intention so to make it. The absence of such a provision is *prima facie* evidence of mistake, and can be rebutted only by showing that the settlor had this provision pointedly called to his attention and understood it fully. *Id. 1250 ; Garnsey* v. *Mundy, 9 C. E. Gr. 243.*

In all these cases, the burden of proof is on the grantee.

From the foregoing propositions, I deduce the following: That a conveyance, purely voluntary, prepared under the

direction of the grantee, made by an aged parent to a child in the prime of life, who was, at the same time, acting as confidential agent, adviser and general manager of the parent's estate, by which the child gets absolutely a large portion of the estate, can be supported, if at all, only by showing—

(1) The fullest knowledge and understanding on the part of the grantor.

(2) That the grantor had independent and disinterested counsel and advice.

(3) That the grantee and donee acted, in all things with relation to the transaction, in the utmost good faith, and was only the passive recipient of the parent's bounty.

(4) That the deed of conveyance conforms, in every material respect, with the intention of the grantor.

(5) That if such a conveyance does not conform to the expressed intention of the grantor, it cannot be reformed at the instance of the grantee.

The opinion of the court was delivered by

Van Syckel, J.

The bill in this case was filed by a mother against her son, to set aside three deeds executed by her to him for real estate in the city of Newark. The first two deeds were executed on the 19th day of October, 1871, and the third on the 6th day of April, 1872. The son admits that these conveyances were purely voluntary, that no valuable consideration passed to the grantor. The ground upon which the complainant bases her right to relief is stated in her bill, as follows:

"That your oratrix never executed the said conveyances, or either of them, with the intention so to do; that she never was requested so to do, and never did knowingly execute the said deeds or either of them, and that the only way she can account for her signature, if it shall appear upon the said deeds or either of them, is, that it was obtained by her said son by trick and artifice; and that she executed the same, if at all, supposing and believing the said deeds to be releases

or assignments, or something of that nature, proper and necessary for her to execute in the transaction of her business, as she was frequently required to do."

The bill presents a case of gross fraud, and upon that ground asks the interposition of a court of equity.

From the decree of the court below, declaring that all three of the deeds are infected with fraud, and therefore invalid, the defendant has taken an appeal to this court. Without discussing the evidence, it is sufficient to say, that after a careful examination of the case, I can see no reason to dissent from the result which has been reached in the court below, as to the two conveyances of October 19th, 1871. The validity of those deeds cannot be maintained.

The conveyance of April 6th, 1872, is in a different position—as to that deed the complainant has clearly failed to establish the allegation of fraud set forth in her bill of complaint. That deed purports to convey two pieces of property: First, the lot No. 587 Broad street, and, secondly, the lot No. 27 Cross street. The complainant, in her testimony, admits that she did, at the time she signed this deed, know that it conveyed to her son the property No. 587 Broad street, but says that she did not know that it also included the Cross street lot.

During the progress of the cause it was admitted by the counsel of the complainant, that the Broad street property was included by mistake in the bill of complaint, and an order was thereupon made by the chancellor, on the 23d day of February, 1876, that the injunction as to that lot should be dissolved.

The admission of the complainant that she knew, at the time she executed this writing, that it was a deed conveying real estate to her son, distinguishes it from the other deeds. It is presumed that a grantor knew the contents of the deed he executed until evidence to the contrary is produced.

The weight of the evidence is, that the mother executed this deed with full knowledge that it conveyed both lots. Riker testifies that she gave him express instructions to

have the deed made out for both properties, and the defendant says she knew it was drawn in that way. No reason appears in this case why this evidence on the part of the defendant should be discredited.

It is admitted that, prior to this time, the son had the confidence and affection of his mother, and she was under a moral obligation to make some provision for him.

Being convinced, by the evidence in the cause, that the complainant knew, when she executed the last conveyance, that it passed the title both to lot No. 587 Broad street, and to lot No. 27 Cross street, I am of opinion that the decree below as to those two lots should be reversed, and that it should be affirmed as to the other deeds, with costs to the appellant in this court, each party to pay its own costs in the court below.

Decree unanimously reversed.