JOHN DIMLER, complainant-appellant,

*v.*

CAROLINE CALDWELL et al., defendants-respondents.

[Submitted November Term, 1916. Decided March 5th, 1917.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Emery, who filed the following opinion:

"In this case I conclude that the complainant has failed to establish satisfactorily that there was a mistake in the making of the deed in question to his wife, Barbara Dimler, as the sole grantee.

"As to the mistake in the deed, according to complainant's own evidence, which is corroborated by the appearance of the deed itself, the deed was originally drawn to him as sole grantee, and by reason of directions given at the time of its execution, by himself to the lawyer who drew the deed, it was changed in respect to the party grantee. On the face of it, it appears to have been changed by the erasure of his Christian name (John) as grantee, both in the deed and its endorsement, and by writing over the erasure 'Barbara,' his wife's Christian name. The word 'his' throughout the deed was also erased wherever used and 'her' written over the erasure. Complainant's present statement, made years after the death of the lawyer who drew the deed, and of all the other parties interested, is substantially that he directed the lawyer to put his wife's name in, but said nothing about taking his name out, and supposed both names were in.

"His evidence at this time cannot, under the circumstances, be considered as sufficient to overcome the effect of the transaction as actually carried out by the scrivener and by the grantor. The utmost effect of it, if believed, is to show a misapprehension of the directions he then gave, or intended to give, not a mistake of all the parties in the execution of the deed.

"Nor has the complainant established that the cash paid at the time of the conveyance ($700) was from his own money and was not the proceeds of property belonging to his wife. The deed, therefore, should not be reformed, according to the special prayer of the bill, neither should a resulting trust be declared as arising at the time of the conveyance from the payment by him of the purchase-money, as was argued at the hearing.

"But inasmuch as the evidence shows that of the total purchase-money ($2,200), the amount of cash paid was $700 (paid from the proceeds of money procured by the sale of a mortgage standing in the wife's name), and that for the balance of the purchase-money the wife personally assumed a mortgage of $1,-500, for which the husband did not become at all responsible, but which he subsequently paid off, the further question arises whether the husband may not be entitled to a charge on the lands for the reimbursement of this payment in discharge of the wife's lands. The original transaction—the conveyance to the. wife—was not, under the evidence, a gift by the husband, or a purchase upon a resulting trust, but a conveyance to the wife of property purchased by her own moneys and obligations, for which the husband was not responsible. Whether, under the evidence in this case, the husband's subsequent payment of the mortgage is to be considered as entitling him to a charge on the lands, is a question upon which I desire to hear counsel further.

"The bill alleges this subsequent payment of the mortgage on the wife's lands by the husband, and that when it was paid, he supposed the title was in the name of both. The prayer for general relief would seem to be sufficient to cover the charge for the payment, if, under the evidence, he is entitled to it."

*Mr. William R. Wilson,* for the complainant.

*Mr. Sidney W. Eldridge* and *Mr. Louis A. Ziegler,* for the defendants.

PER CURIAM.

So far as concerns the title to the property we agree with Vice-Chancellor Emery and the chancellor. So far as the decree adjudges that the complainant is entitled to a lien for $750 and

interest, we have assumed its correctness, since there is no appeal by the defendants from that part of the decree, and the complainant is not aggrieved thereby. The decree is affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, HEPPENHEIMER, WILLIAMS, GARDNER—12.

*For reversal*—None.