FRANCES E. ROBERTS-HORSFIELD et al.

*v.*

CECELIA GRACE GEDICKS et al.

[Submitted June 23d, 1922. Decided July 11th, 1922.]

1. In a suit to enforce a parol gift of land, evidence *held* to warrant a decree for the complainant.

2. Propinquity and the comfort afforded to an aunt and uncle by the society of the family of a niece, and the pleasure derived from close touch with the niece's children, was an insufficient legal consideration to sustain a contract by the aunt and uncle to convey land to the niece, but the transaction was a mere gift.

3. A parol gift of land is invalid, but when it is accompanied by possession, and the donee has been induced by the promise of the gift to make valuable permanent improvements, equity will enforce it.

4. Proof of a parol gift of land must be clear and unequivocal.

5. Where an aunt expended money for the construction of a house for her niece on land orally given to the niece by the aunt's husband, the niece was entitled to the benefit of the aunt's expenditures for the improvements in an action to enforce the gift of the land the same as if she had been given the money and made the improvements herself.

6. Open and notorious possession of property as a gift is sufficient to put a grantee thereof on inquiry as to the rights of the one in possession.

On bill, &c. On final hearing.

*Mr. Joseph T. Hague,* for the complainants.

*Mr. William Newcorn,* for the defendants.

BACKES, V. C.

The object of this suit is to enforce a gift of land. The facts are these: When Mrs. Horsfield was a little girl of nine, at the death of her mother, she went to live with her aunt and uncle, who raised and educated her, and after she married she and her husband lived with them until 1912.

The aunt was the wife of the defendant Albert C. Gedicks, and is now deceased. Prior to 1909 the two couples lived together in Brooklyn. In that year they moved to the out-skirts of Plainfield, where Mr. and Mrs. Gedicks bought a tract of land, title to which they held by the entirety, and erected a home purposely large enough to accommodate the two families. By this time the Horsfield family had additions. The separation in 1912 was because either the Horsfield children annoyed Mrs. Gedicks, who was then ill, as Mr. Gedicks says, or, as Mr. and Mrs. Horsfield assert, Mr. Gedicks' conduct sometimes created an atmosphere in which they did not care to rear their children. The cause is unimportant. They were thereafter on friendly and intimate terms until the aunt died in 1916, and with Mr. Gedicks until he married his present wife, the other defendant. When the Gedickses learned that the Horsfields were looking about for a house they remonstrated, saying, in substance, to use the language of Mrs. Horsfield:

"Why we wouldn't think of having you move away from us. We have all this land here. We will give you that corner there for your-self, and aunty said she would help build a house for me—contribute towards it; because she had her own money from the sale of this property that she had sold in Brooklyn."

The house was built on a piece of the tract, the boundaries of which were well defined, the aunt furnishing the money, $1,800, and when it was finished the Horsfields moved in and remained in undisturbed possession until recently, when the present Mrs. Gedicks, to whom the land had been conveyed by her husband, began an action of ejectment. Thereupon this bill was filed to restain the suit and to compel a con-veyance of the land which had been promised. The Hors-fields had contributed some little towards the original con-struction of the house, and later on made improvements at an outlay of five or six hundred dollars. I have not the least doubt that Mr. and Mrs. Gedicks intended to and promised to give the house and lot to Mrs. Horsfield—to con-vey it. Even the defendant Gedicks' testimony indicates that

that had been his attitude. A feeble effort was made to establish a contract, the alleged consideration being propinquity, and, in consequence, the comfort of the society of the Horsfields by the continued intimacy with them and the pleasures derived from close touch with their children. These things were undoubtedly the inducements for the gift, but they fall far short of a legal consideration to sustain a contract. The transaction was a gift pure and simple, and, under the circumstances above shown, is enforceable in equity. A parol gift of land is invalid, but when the gift is accompanied by possession, and the donee has been induced by the promise of the gift to make valuable improvements of a permanent nature, equity will enforce it. The principle is well settled; the doctrine is stated in *20 Cyc. 1200,* and *12 Rul. C. L. 938,* where many of the cases supporting it are cited. Proof of a parol gift of land must be clear and unequivocal. *Bevington* v. *Bevington, 9 L. R. A. (N. S.),* where the meaning of this rule is explained and the cases are collected. The instant case comes within the doctrine. The Horsfields, at their own expense, made some improvements, as already indicated, and if this were the extent of Mrs. Horsfield's claim, she could be relieved by compensation. But I think her equities go further, and to support them she is entitled to the benefit of the aunt's expenditures. Combined they represent the improvement, which is both substantial and permanent. The money laid out by the aunt in the original construction was in fact a gift to her niece. She intended it to be so, and it was none the less a gift that she paid it directly to the contractor instead of handing it first to Mrs. Horsfield and by her paid over. The entire improvement must be regarded as having been made by Mrs. Horsfield. Mr. Gedicks knew of his wife's donative purpose in furnishing the money and he realized that the improvement was not made other than in reliance upon the gift, and he ought not to be permitted to profit by the mere accident of his survivorship. Mrs. Gedicks II is not an innocent purchaser for value and is chargeable with notice of the complainants' right. She, perhaps, did not know all the circumstances attending the gift, but the open and no-

torious possession by the complainants put her on notice and reasonable inquiry would have disclosed the truth.

I will advise a decree ordering a conveyance of the land by the description established at the trial, and suggest that the bill be amended describing the land to a certainty, and a prayer to conform to the decree.