Christina Vogt purchased the land and premises described in the bill of complaint and the same were conveyed to her by deed dated January 15th, 1915. She married the complainant April 10th, 1918. By deed dated July 14th, 1921, made by "Christina Myers [formerly Christina Vogt] and complainant, her husband," they conveyed the land and premises to George R. Myers, who, by deed dated and recorded *Page 453 
the same day as the deed to him, conveyed the same to "Christina Myers, wife of George T. Myers." No consideration moved for either conveyance.
The complainant contends that shortly prior to the execution of these deeds his wife had told him she desired to give him an interest in the property by having the title transferred to their joint names as husband and wife and that she instructed him to arrange such transfer; that he engaged a scrivener to whom he and his wife communicated his wife's wishes, and that the scrivener prepared the above-mentioned deeds and attended to their execution and recording; that upon the execution of the conveyances, complainant and his wife believed that title was vested in them as tenants by the entirety; that after the deeds were executed they were taken by the scrivener who recorded them and thereafter delivered them to Mrs. Myers, and that complainant never saw them from the time of execution until after his wife's death, intestate, June 2d 1926, when he discovered the scriviner's mistake in failing to name complainant as a grantee in the deed from George R. Myers. He brings this suit against his wife's heirs-at-law, alleging that by mistake of the scrivener, in which he and his wife inadvertently participated, the deed from George R. Myers was drawn and executed to Christina Myers instead of to Christina Myers and George T. Myers, her husband, and he prays that said deed be reformed so as to conform to his wife's intention.
George R. Myers is not named as a defendant, although it is his deed which complainant seeks to reform. Objection to this omission might have been sustained (Vanderbeck v. Perry,28 N.J. Eq. 367; Malone v. Romano, 95 N.J. Eq. 291), but no such objection was presented. He was a witness at the hearing and it is certain that he never had any actual interest in the property and that he was merely an intermediary through whom title was transferred. His omission as a defendant does not affect the merits of the controversy and will be given no further consideration.
The deed sought to be reformed is in all particulars complete and unambiguous. The grantee is clearly named and all pronouns referring to the grantee are in the singular *Page 454 
number and feminine gender. Ordinarily, parol testimony would be inadmissible to alter, vary or contradict it in any respect and under that section of the statute of frauds which provides that no action shall be brought upon an agreement for the sale of lands, or any interest in or concerning them, unless the agreement be in writing, the complainant could not succeed in this action, but because of the equitable principle that when a complainant alleges that a deed executed pursuant to an agreement to convey to him, does not fully or correctly express the intention of the parties thereto, through mistake, parol testimony will be received in support of the allegation, the reason being that application of the rule of evidence and of the statute, would permit the defendant to perpetrate a fraud on the complainant.
It is my opinion that the weight of evidence before me is in favor of the complainant's contention that it was his wife's intention to vest title in herself and complainant as tenants by the entirety, but to entitle the complainant to relief by way of reformation of the deed, it must appear that through the failure to carry out his wife's intention, he has been defrauded. Wirtz
v. Guthrie, 81 N.J. Eq. 271; Vogt v. Mullin, 82 N.J. Eq. 452.
How can he be said to be the victim of any kind of fraud which deprived him of a right to which he was legally entitled? His expectation of receiving a gift was not realized, but he lost no right. His possible courtesy right was unchanged by the transaction. He did not alter his position as to his wife, the property or his own business affairs, because of a belief that an interest in the property had been conveyed to him. He expended no money for permanent improvements after the conveyance. Before the conveyance he had done repair work on or about this property and after the conveyance he continued to perform services of the same nature, not (so far as the evidence shows) because he believed he was a tenant by the entirety, but because he was a husband and a mechanic. From the time of his marriage all rent from this property, together with rent from another property which complainant and his wife owned jointly, was deposited in a bank account which stood in his wife's name alone up to July 14th, 1924, at which *Page 455 
time the bank account was changed to their joint names and the deposits in both accounts were always used for their joint benefit. Complainant employed the scrivener to whom he and his wife stated their instructions and if the scrivener misunderstood or failed to carry out their wishes, there was no fraud practiced but the conveyances were merely an abortive attempt to make complainant a promised gift. Marsh v. Cook, 32 N.J. Eq. 262;Dimler v. Caldwell, 87 N.J. Eq. 366.
What complainant really seeks is performance of his wife's promise to convey. Had he brought this suit against her in her lifetime (in the event that she had refused to correct the mistake), he would have been met by the statute of frauds as a defense and by the further defense that there was no consideration for the promise. As against his wife's heirs-at-law I think complainant not entitled to a decree which, in its practical effect, would be to compel the performance of his wife's voluntary, naked promise to convey to him. Ownes v.Ownes, 23 N.J. Eq. 60; Mulock v. Mulock, 31 N.J. Eq. 594, 602;affirmed, 32 N.J. Eq. 348; Woodruff v. Morristown, 34 N.J. Eq. 174; Wittingham v. Lighthipe, 46 N.J. Eq. 429; Collins v.Toppin, 65 N.J. Eq. 439, 478; affirmed, 66 N.J. Eq. 430; Austin
v. Young, 90 N.J. Eq. 47; Roberts v. Gedicks, 94 N.J. Eq. 82;affirmed, 96 N.J. Eq. 384.